NATHAN v. MORGENTHAU.

(Supreme Court, Appellate Term.   February 5, 1909.)

1. HUSBAND AND WIFE (§ 235*) — NECESSARIES — ACTION AGAINST WIFE — IN-
STRUCTIONS.
   In an action against a married woman for the price of a dress, an in-
struction that, if the dress was made to defendant's satisfaction, plaintiff
could recover, was erroneous, as taking from the jury the question of de-
fendant's personal liability.
   [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 235.*]

2. HUSBAND AND WIFE (§ 19*)—NECESSARIES—WIFE'S LIABILITY.
   The law presumes that necessaries furnished to a wife are furnished
on the husband's credit, unless there is an agreement whereby the wife
becomes personally liable and the credit is given to her, or unless there
are special circumstances exempting the husband from liability, such as
where the husband and wife are separated and notice is given to trades-
men not to furnish goods to the wife on the husband's credit, or where
the husband has amply supplied her with the necessities in suit, or has
given her a suitable allowance to supply herself.
   [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–
138; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-
trict.

Action by Victoria Nathan against Julia Morgenthau.   From a judg-
ment for plaintiff, defendant appeals.   Reversed, and new trial or-
dered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and
SEABURY, JJ.

Stern, Christiancy & Riegelman (Charles A. Riegelman, of counsel),
for appellant.

Frederick W. Sperling, for respondent.

PER CURIAM.   Plaintiff sues for the price of a gown, made by
plaintiff, but rejected by defendant.   The defense is, first, that the
gown was not made according to the order, inasmuch as some of the
materials used in making the gown did not match in color, and, second,
that defendant is a married woman, which fact was known to plaintiff,
and that her husband, if anybody, was liable for the dress.   The jury
found for plaintiff.   Defendant appeals.

One of the issues of fact was whether the credit was especially given
to defendant personally, with her knowledge and consent, and not to
her husband, although plaintiff knew defendant to be a married woman.
At the end of the case the court stated that he would charge the jury,
apparently as a matter of law, "that the wife [defendant] was liable."
In the charge the court instructed the jury that, if they found that the
dress was made to the satisfaction of defendant, their verdict should
be for plaintiff.   This remark of the court may well have had an ef-
fect upon the jury prejudicial to defendant, while the charge practically
took away from the jury one of the questions of fact in the case;
i. e., the personal liability of defendant, a married woman, for neces-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sities furnished to herself. The law presumes such necessaries are furnished on the credit of the husband, unless there is an agreement by which the wife becomes personally liable and the credit is given to her, or unless there are special circumstances exempting the husband from liability, such as where the husband and wife are separated and notice is given to tradesmen not to furnish goods to the wife on the husband's credit, or where the husband has amply supplied the wife with the necessities in suit, or given her a suitable allowance to supply herself. The defendant seems to have been living with her husband, who had paid her previous bills to plaintiff by his own checks.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.